IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES B. STARKE, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01950-E (BT) |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Plaintiff Charles B. Starke, Jr. On September 6, 2022, the Court granted Starke's motion for leave to proceed *in forma pauperis* and attempted to screen his complaint. The Court found the complaint deficient and sent Starke a Notice of Deficiency and Order (ECF No. 7), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a).[1] The Order further

---

[1] Rule 8(a) provides:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

informed Starke that failure to respond and cure the deficiency by October 6 could result in a recommendation that his case be dismissed. Starke has not filed any response, an amended complaint, or otherwise complied with the Court's September 6 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Starke initiated this action by filing the court-approved form for a *pro se* complaint in a civil case. However, the complaint consists only of a few cursory sentences and references to several statutes found in the United States Code. Compl. 1 (ECF No. 3). Starke states that he suffered "[a] deprivation of [his] right [to] due process of law when [he] was arrested and incarcerated without being found guilty of a crime." *Id.* Starke further

contends that his Fourteenth Amendment rights were violated when his car "was towed and auctioned off by [the] City of Dallas without a guilty verdict." *Id.* He also alleges he "was prosecuted without a victim;" that "[a] police report had false statements; and he "was arrested 2 different times." But Starke's submission does not contain a short and plain statement of any claim showing that he is entitled to relief or facts sufficient to state a claim under Rule 8(a). He did not respond to the Notice of Deficiency and Order; nor did he file an amended complaint. He has thus failed to comply with the Court's order. The Court cannot screen his claims, and this litigation cannot proceed until he cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Starke's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 7, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).